*324 EFFRON, Chief Judge
(concurring in part and in the result):
I agree with the principal opinion that the military judge did not err with respect to Issue I because the claimed order was not issued by a competent authority. See United States v. Smith, 68 M.J. at 320-21 (C.A.A.F. 2010). I also agree with the treatment of Issues II and III. With respect to Issue I, I write separately to identify several additional considerations regarding the reasons for rejecting Appellant’s position.
First, Appellant raises claims now that he did not make at trial. The record contains no instructions proposed by the Appellant. Appellant did not object to the military judge’s instructions as given.
Second, in the assigned issue, Appellant contends that the military judge erred in not providing an instruction on the lawful orders defense. Under the lawful orders defense, an act “done in the proper performance of a legal duty is justified and not unlawful.” Rule for Courts-Martial (R.C.M.) 916(c); see R.C.M. 916(d) Discussion (referring to R.C.M. 916(c) as providing the defense with respect to an act done pursuant to a lawful order). In contrast to the defense of obedience to orders under R.C.M. 916(d) and United States v. Calley, 22 C.M.A. 534, 48 C.M.R. 19 (1973), the lawful orders defense does not entail consideration of whether an accused reasonably believed that an order was lawful. Compare R.C.M. 916(c) and R.C.M. 916(d); see also Dep’t of the Army, Pam. 27-9, Legal Services, Military Judges’ Benchbook ch. 5, § 8, para. 5-8-2 (2002) (setting forth the instruction applicable to R.C.M. 916(c)). The beliefs of an accused, even if reasonable, cannot transform an unlawful order into a lawful order under R.C.M. 916(c). As noted in the principal opinion, the record in this case establishes that the orders Appellant claimed to receive — to use his military working dog in aid of interrogation— were not issued by a competent authority. 68 M.J. at 320-21. As such, the orders were not lawful, and the military judge had no duty to instruct as to obedience to lawful orders. See id.
Third, the military judge properly determined that for the specifications related to Appellant’s use of a military working dog on Mr. Al-Juhayshi, “The evidence has raised an issue of obedience to orders.... ” The military judge then instructed the members, consistent with R.C.M. 916(d) and our decision in Calley, 22 C.M.A. at 541-43, 48 C.M.R. at 26-28, regarding the defense of obedience to orders. The instruction given by the military judge enabled the members to evaluate whether Appellant “knew the orders to be unlawful or a person of ordinary sense and understanding would have known the orders to be unlawful.” R.C.M. 916(d). In a particular case, there may be significance under R.C.M. 916(d) to the distinction between an order that is unlawful because of an administrative defect, as in this case, and an order that is unlawful because it commands the commission of a crime, as in Cal-ley. In the present case, however, Appellant has not contended that the military judge should have given additional instructions in that regard. Under the circumstances of this case, the military judge did not err with respect to the manner in which he instructed the members under R.C.M. 916(d).